**ABB C–E NUCLEAR POWER INC., Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. SC 87811.**

Supreme Court of Missouri,
En Banc.

Jan. 30, 2007.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Jefferson City, for Appellant.

John P. Barrie, St. Louis, Paul H. Frankel and Craig B. Fields, Morrison & Foerster, LLP, New York, NY, Edward F. Downey, Jefferson City, for Respondent.

RONNIE L. WHITE, Judge.

## I.

The Director of Revenue appeals the decision of the Administrative Hearing Commission (AHC) finding that the proceeds of the sale of taxpayer ABB C–E Nuclear Power, Inc. (ABB) do not constitute business income attributable to ABB subject to corporate income tax in Missouri. The decision of the AHC is affirmed.

## II.

ABB is a Delaware corporation headquartered in Connecticut with operational facilities in several states including Missouri. In April 2000, ABB's parent company sold ABB to a third party as part of a $435 million divestiture between two European multi-national consolidated groups of companies with diverse business interests, including nuclear energy. The parties and their American affiliates elected to treat the stock sale as an asset sale for federal income tax purposes, as permitted by Internal Revenue Code section 338(h)(10). For purposes of this tax election, ABB was deemed to have sold its assets to a newly formed corporation owned by the buyer of its stock, received the proceeds from the sale, and distributed such proceeds in a complete liquidation to its pre-acquisition parent company. The election is a legal fiction permitted under the tax code to enable a seller to avoid taxable gain from the sale proceeds and to enable a buyer to receive a higher basis in the assets of the acquired company. In reality, ABB did not actually sell or otherwise dispose of its assets in Missouri or elsewhere. The actual seller, ABB's parent company, which itself has no presence in Missouri, received the proceeds of the sale of ABB.

For its Missouri corporate income tax return for fiscal year 2000, ABB elected to allocate its income pursuant to the multi-state tax compact[1] and reported a gain of $227 million in non-business income from the fictional asset sale, which, after adjustments, ultimately resulted in no taxable income apportionable to Missouri. The Director rejected ABB's characterization of the gain as non-business income and issued a notice of deficiency in the amount of $1.8 million.

ABB sought review by the AHC, which found that the gain was not business income and, therefore, ABB was not liable for Missouri income tax. The Director seeks this Court's review.

## III.

This Court has jurisdiction pursuant to Mo. Const. art. V, section 3 and 18 and reviews *de novo* the AHC's inter-

---

1. Section 32.200, art IV., RSMo 2000, Missouri's codification of the Uniform Division of Income for Tax Purposes Act.

pretation of revenue law.[2] The AHC's factual determinations are upheld if they are supported by the law and, after reviewing the whole record, there is substantial evidence to support them.[3]

## IV.

■ Under the multi-state tax compact, business income is apportioned to Missouri using a formula that calculates a percentage of a company's income attributable to Missouri based on the company's property, personnel, and sales in Missouri.[4] Business and non-business income are defined as follows:

Business income means income arising from transactions and activity in the regular course of the taxpayer's trade or business and includes income from tangible and intangible property if the acquisition, management, and disposition of the property constitute integral parts of the taxpayer's regular trade or business operations.[5]

Nonbusiness income means all other income other than business income.[6]

The corresponding regulation further explains that "income ... is business income if it arises from transactions and activity occurring in the regular course of a trade or business." [7]

Other jurisdictions have derived from the definition of "business income" a two-part test. First, the "transactional test" determines whether the gain is attributable to a type of business transaction in which the taxpayer regularly engages. Second, the "functional test" determines whether the gain is attributable to an activity—namely the acquisition, management, and disposition of property—that constitutes an integral part of the taxpayer's regular business.[8] The AHC correctly determined that the proceeds of the sale of ABB do not constitute business income under either test. The sale of ABB's assets in a complete liquidation is not a type of business transaction in which ABB regularly engaged,[9] nor was it a disposition of the sort that constituted an integral part of ABB's ordinary business.[10] Rather, the sale and liquidation of ABB was a one-time, extraordinary event.[11]

2. *Concord Pub. House, Inc. v. Director of Revenue,* 916 S.W.2d 186, 189 (Mo. banc 1996).

3. *DST Systems, Inc. v. Director of Revenue,* 43 S.W.3d 799, 800 (Mo. banc 2001); section 621.193.

4. Section 32.200, art. IV(9).

5. Section 32.200, art. IV(1).

6. Section 32.200, art. IV(5).

7. Regulation 12 CSR 10–2.075(4).

8. See *Ex Parte Uniroyal Tire Co.,* 779 So.2d 227 (Ala.2000), and *American States Ins. Co. v. Hamer,* 352 Ill.App.3d 521, 287 Ill.Dec. 692, 816 N.E.2d 659 (2004), *appeal denied,* 213 Ill.2d 553, 293 Ill.Dec. 861, 829 N.E.2d 786 (Ill.2005).

9. See *Uniroyal Tire* (cited above); *Lenox, Inc. v. Tolson,* 353 N.C. 659, 548 S.E.2d 513, 516

(2001); *Laurel Pipe Line Co. v. Pennsylvania,* 537 Pa. 205, 642 A.2d 472, 474 (1994); *Canteen Corp. v. Pennsylvania,* 578 Pa. 504, 854 A.2d 440 (2004); *May Dept. Stores Co. v. Indiana Dep't of State Revenue,* 749 N.E.2d 651 (Ind. Tax 2001).

10. See American States (cited above); *James v. International Telephone & Telegraph Corp.,* 654 S.W.2d 865 (Mo.1983); *Blessing/White, Inc. v. Zehnder,* 329 Ill.App.3d 714, 263 Ill. Dec. 572, 768 N.E.2d 332 (2002); *Canteen Corp* (cited above); *Pennsylvania v. Osram Sylvania, Inc.,* 581 Pa. 152, 863 A.2d 1140 (2004).

11. See also *Kemppel v. Zaino,* 91 Ohio St.3d 420, 746 N.E.2d 1073 (2001), where the court found that income from a liquidation was not business income under either test.

The Director is unable to cite any authority for her position to the contrary but claims that the evidence is insufficient to support the AHC's application of existing precedent to the instant case. The Court rejects the Director's argument. The undisputed facts, summarized above and further detailed in an ample record to which the Director contributed through multiple discovery requests, are quite adequate to support the AHC's decision.

## V.

The decision of the AHC is affirmed.

All concur.